THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR GUTIERREZ, Appellant. [871 NYS2d 325]—

The County Court denied the defendant's motion to vacate his judgment pursuant to CPL 440.10. We affirm, although for reasons other than those relied upon by the County Court.

That branch of the defendant's motion pertaining to his legal sufficiency argument should have been denied pursuant to CPL 440.10 (3) (a). That section provides, in pertinent part, that the motion court may deny a motion to vacate a judgment pursuant to CPL 440.10 when, "[a]lthough facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a

manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal." On the defendant's direct appeal from his judgment of conviction, this Court determined that his contention that he could only have been convicted of intentional murder (*see* Penal Law § 125.25 [1]) and that the evidence was legally insufficient to support a conviction of depraved indifference murder (*see* Penal Law § 125.25 [2]), was unpreserved for appellate review and we declined to reach the issue in the exercise of our interest of justice jurisdiction (*see People v Gutierrez*, 15 AD3d 502 [2005]). In applying CPL 440.10 (3) (a) to bar collateral relief with respect to his contention here, "we give effect to the legislative intent that the CPL 440.10 motion not be 'employed as a substitute for direct appeal' " (*People v Degondea*, 3 AD3d 148, 156-157 [2003], quoting *People v Cooks*, 67 NY2d 100, 103 [1986]). " 'While an article 440 motion is designed for the purpose of developing facts dehors the trial record, this does not apply to facts that should have been placed on the record during trial' " (*People v Degondea*, 3 AD3d at 157, quoting *People v Williams*, 286 AD2d 620, 620 [2001]; *see People v Donovon*, 107 AD2d 433, 443 [1985]). Accordingly, that branch of the defendant's motion pertaining to his legal sufficiency claim should have been denied pursuant to CPL 440.10 (3) (a).

The defendant's claims that he was denied the effective assistance of counsel could have been raised on direct appeal from the judgment and are thus precluded from collateral review (*see* CPL 440.10 [2] [c]).

The defendant's remaining contention is not properly before this Court (*see* CPL 440.10 [2] [a]; [3] [a]). Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.