[969 NE2d 751, 946 NYS2d 533]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT LIDEN, Appellant.

Argued March 19, 2012; decided May 3, 2012

272

**POINTS OF COUNSEL**

*Legal Aid Society*, New York City (*Robert C. Newman, Steven Banks* and *William D. Gibney* of counsel), for appellant. I. The risk level hearing court has the authority to decide that an alleged out-of-state sex offender is not required to register under the statute. (*People v Correa*, 15 NY3d 213; *People v Burden*, 6 Misc 3d 1033[A], 2005 NY Slip Op 50286[U]; *People v Kennedy*, 20 AD3d 137, 7 NY3d 87; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451; *Matter of Nadel*, 188 Misc 2d 427; *Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303; *People v Kearns*, 95 NY2d 816; *Matter of Mandel*, 293 AD2d 750; *People v Carabello*, 309 AD2d 1227; *Stahlbrodt v Commissioner of Taxation & Fin. of State of N.Y.*, 171 Misc 2d 571.) II. In this case, where appellant took an *Alford* plea to a lesser offense following a trial at which the jury could not agree on a verdict, the unsworn transcript of the alleged victims' interviews with police were not "reliable hearsay" upon which the risk level court could rest its determination. (*Crawford v Washington*, 541 US 36; *People v Hill*, 16 NY3d 811; *People v Mingo*, 12 NY3d 563; *People v Arotin*, 19 AD3d 845; *Matter of Parker*, 11 Misc 3d 252.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Malancha Chanda* and *Eleanor J. Ostrow* of counsel), for respondent. I. Under the plain language of Correction Law § 168-k, the risk-assessment court had no jurisdiction to review the board's determination that defendant was required to register as a sex offender in New York. (*Jones v Bill*, 10 NY3d 550; *Matter of Polan v State of N.Y. Ins. Dept.*, 3 NY3d 54; *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653; *Riley v County of Broome*, 95 NY2d

455; *Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98; *Rangolan v County of Nassau*, 96 NY2d 42; *Sohn v Calderon*, 78 NY2d 755; *People v Stevens*, 91 NY2d 270; *Doe v Pataki*, 120 F3d 1263; *People v Cuadrado*, 9 NY3d 362.) II. The court's adjudication of defendant as a level three sex offender was based on reliable hearsay and was entirely proper. (*People v Pettigrew*, 14 NY3d 406; *People v Mingo*, 12 NY3d 563; *Crawford v Washington*, 541 US 36; *People v Burden*, 6 Misc 3d 1033[A], 2005 NY Slip Op 50286[U]; *People v Willette*, 67 AD3d 1259; *People v Arotin*, 19 AD3d 845; *Matter of Parker*, 11 Misc 3d 252.)

*Eric T. Schneiderman, Attorney General*, New York City (*Claude Platton, Barbara D. Underwood* and *Richard Dearing* of counsel), for Board of Examiners of Sex Offenders, amicus curiae. I. The Board of Examiners of Sex Offender's determination that an out-of-state offender must register under the Sex Offender Registration Act is reviewable only in a CPLR article 78 proceeding. (*Yatauro v Mangano*, 17 NY3d 420; *Appleton Acquisition, LLC v National Hous. Partnership*, 10 NY3d 250; *Sohn v Calderon*, 78 NY2d 755; *People v Williams*, 24 AD3d 894; *People v Carabello*, 309 AD2d 1227; *Matter of Mandel*, 293 AD2d 750; *Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367; *Doe v Pataki*, 3 F Supp 2d 456.) II. The principle of constitutional avoidance does not apply here. (*Matter of Jacob*, 86 NY2d 651; *Mathews v Eldridge*, 424 US 319; *People v David W.*, 95 NY2d 130; *Connecticut Dept. of Public Safety v Doe*, 538 US 1; *Matter of Dewine v State of N.Y. Bd. of Examiners of Sex Offenders*, 89 AD3d 88; *Matter of Smith v Devane*, 73 AD3d 179; *Matter of Bush v New York State Bd. of Examiners of Sex Offenders*, 72 AD3d 1078; *Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745; *Cleburne v Cleburne Living Center, Inc.*, 473 US 432; *FCC v Beach Communications, Inc.*, 508 US 307.)

**OPINION OF THE COURT**

SMITH, J.

Rulings of administrative agencies can ordinarily be reviewed only in proceedings under CPLR article 78. We hold, however, that the unusual features of New York's sex offender registration system justify an exception to that rule: A determination by the Board of Examiners of Sex Offenders that a person who committed an offense in another state must register in New York is reviewable in a proceeding to determine the offender's risk level.

I

Defendant was charged in the State of Washington with raping and kidnapping two teenaged girls. In 1996, he resolved those charges by pleading guilty to two counts of unlawful imprisonment. He later moved to New York, where he was convicted of a nonsexual crime. This conviction apparently brought his previous record to the attention of the Board of Examiners of Sex Offenders, which determined in 2007 that, because of his Washington conviction, he was required to register under New York's Sex Offender Registration Act (SORA). Defendant did not seek article 78 review of that determination before the time to seek such relief expired.

Having determined that defendant must register, the Board, as SORA requires, made a recommendation to Supreme Court in the county of defendant's residence as to the risk level that should be assigned to him (*see* Correction Law § 168-k [2]). The Board recommended risk level three, which reflects a high risk of a repeat offense (*see* Correction Law § 168-l [6] [c]).

In submissions to the court considering his risk level, defendant argued that he should not have been required to register as a sex offender at all. Defendant pointed out that unlawful imprisonment in the second degree—the New York crime corresponding to the Washington crime of which defendant was convicted—is a misdemeanor (*see* Penal Law § 135.05). Until 2002, a crime committed in another state was defined as a "sex offense" in New York only if it included "all of the essential elements" of a New York "felony" (*see* former Correction Law § 168-a [2] [b] [amended by L 2002, ch 11, § 1]). The 2002 amendment, which replaced the word "felony" with the word "crime" (Correction Law § 168-a [2] [d]), applied only to offenses committed on or after its effective date (L 2002, ch 11, § 24). The People now concede that defendant's argument was well-founded, and that the Board's determination requiring him to register was an error.

Supreme Court held, however, that it did not "have jurisdiction to review" the Board's determination. Supreme Court believed itself bound by several Appellate Division decisions holding that a determination of registrability may be challenged only in an article 78 proceeding (*see Matter of Mandel*, 293 AD2d 750 [2d Dept 2002]; *People v Carabello*, 309 AD2d 1227 [4th Dept 2003]; *People v Williams*, 24 AD3d 894 [3d Dept 2005]). In a later order, Supreme Court adjudicated defendant a level three

sex offender. The Appellate Division affirmed, agreeing with the other Appellate Division departments that "a person seeking review of the Board's determination that he or she is obligated to register in the first place is required to bring an article 78 proceeding against the Board" (*People v Liden*, 79 AD3d 598 [1st Dept 2010]). We granted leave to appeal (16 NY3d 872 [2011]), and now reverse.

## II

The procedure for registration of sex offenders who move to New York from other states is set out in Correction Law § 168-k. Section 168-k (2) says, in relevant part:

> "The [Board of Examiners of Sex Offenders] shall determine whether the sex offender is required to register with the [Division of Criminal Justice Services]. If it is determined that the sex offender is required to register . . . the board shall . . . make a recommendation regarding the level of notification . . . This recommendation . . . shall be submitted by the board to the county court or supreme court and to the district attorney in the county of residence of the sex offender and to the sex offender. It shall be the duty of the county court or supreme court in the county of residence of the sex offender . . . to determine the level of notification."

Thus the statute assigns the registrability determination to the Board, and the risk level ("level of notification") determination to the court: The Board "shall determine" whether the out-of-state sex offender is required to register, but shall only "make a recommendation" as to the risk level; it is "the duty of the court" to determine the risk level. (By contrast, when a sex offense is committed in New York, both registrability and risk level are decided by a court [*see* Correction Law § 168-d (1) (a); § 168-n (2)].) The statute does not address the question of how an alleged sex offender from another state who thinks the Board has erred in determining that he is required to register may seek judicial review.

The usual way to obtain judicial review of the action of an administrative agency is a proceeding under CPLR article 78 ("Proceeding Against Body or Officer"). Article 78 proceedings are subject to a four-month statute of limitations, running from the time when "the determination to be reviewed becomes final

and binding" (CPLR 217 [1]). We have held that a person challenging an agency determination cannot circumvent the time limitation, or other limitations on article 78 review, by asserting his or her arguments in a different kind of proceeding (*see Solnick v Whalen*, 49 NY2d 224, 229-230 [1980]; *New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]; *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *cf. Sohn v Calderon*, 78 NY2d 755, 767 [1991]). Article 78 normally provides what is in effect an exclusive remedy. We are persuaded, however, that this case calls for an exception to that rule of exclusivity.

An unusual, perhaps unique, feature of a Board determination under Correction Law § 168-k (2) is that, when the determination is adverse to the person affected, a judicial proceeding automatically follows. In every such case, the Board must make a recommendation to a court in the county of the offender's residence, and the court then must determine the alleged sex offender's risk level. Where the initial determination that the person must register is disputed, plainly the most efficient course is for the risk level court to resolve the dispute; to have two separate courts examine essentially the same facts—one to decide registrability in an article 78 proceeding, and the other to decide risk level—serves no purpose. Recognizing this, a number of trial level courts have held—in contrast to the Appellate Division holdings we cited above—that registrability can be considered in the risk level proceeding (*Matter of Nadel*, 188 Misc 2d 427 [Sup Ct, NY County 2001, Richter, J.]; *People v Godbolt*, 2002 NY Slip Op 40201[U] [Sup Ct, Queens County 2002]; *People v Gundel*, 2002 NY Slip Op 40012[U] [Dutchess County Ct 2002]).

To allow the risk level court to decide the registrability issue is not just a more efficient way to proceed; it is good policy in other ways. At the time the Board makes its registrability determination, the person alleged to be a sex offender will often be without a lawyer; a lawyer will be appointed for him in the risk level proceeding, but the article 78 statute of limitations might run before the lawyer is appointed, or has had a chance to focus on the registrability issue. And to bar the risk level court from examining registrability may put that court in the uncomfortable position of deciding the risk level of someone who, the court is convinced, is not a sex offender within the meaning of the statute at all.

Policy reasons like these would not, in the ordinary case, justify an exception to the rule that limits litigants to article 78

review. In all but rare cases, the need for orderly and efficient procedure will require adherence to that rule. An exception is justified here, however, where orderliness and efficiency, as well as other goals, are served by it.

Accordingly, the order of the Appellate Division should be reversed, without costs, and the Board's determination that defendant is required to register as a sex offender annulled.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.