■ The People of the State of New York, Respondent, v William Baluja, Appellant. [971 NYS2d 213]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated February 14, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted of four counts of unlawful surveillance in the second degree (Penal Law § 250.45 [2]). At the hearing to determine the defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the defendant contended, inter alia, that he had not been convicted of a sex offense requiring his registration as a sex offender under SORA. The County Court determined that the defendant's challenge was not properly before it because any contention related to registrability under SORA must be asserted in a CPLR article 78 proceeding. Contrary to the County Court's determination, pursuant to SORA, a defendant's obligation to register as a sex offender based upon a New York conviction is determined by the court, not the Board of Examiners of Sex Offenders and, thus, the registrability issue in this context does not give rise to an administrative determination which could be subject to review in a CPLR article 78 proceeding (*see*

Correction Law § 168-d [1] [a]; *cf. People v Liden*, 19 NY3d 271, 275 [2012]). However, the defendant's contention that his conviction does not subject him to sex offender registration is without merit (*see* Penal Law § 250.45 [2]; Correction Law § 168-a [2] [e]).

The defendant was properly assessed 20 points under risk factor 13 for unsatisfactory conduct while confined that involved inappropriate sexual conduct (*see People v Williams*, 102 AD3d 665 [2013]; *People v Williams*, 100 AD3d 610 [2012]; *People v Lawson*, 90 AD3d 1006 [2011]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.