■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARDO MIGUEL, Appellant. [32 NYS3d 485]—

Order, Supreme Court, New York County (Patricia Nunez, J.), entered on or about August 7, 2014, which adjudicated defendant a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Although this appeal from a risk level determination is not subject to dismissal, it does not bring up for review defendant's claim that his underlying New York felony conviction was not for an offense requiring registration as a sex offender. Sex offender certification is part of the judgment of conviction, and the proper occasion for defendant to have challenged that certification was on an appeal from the judgment (*see People v Hernandez*, 93 NY2d 261, 267 [1999]; *People v Smith*, 60 AD3d 580 [1st Dept 2009], *lv denied* 12 NY3d 921 [2009]; *compare People v Liden*, 19 NY3d 271 [2012] [administrative determination that out-of-state conviction requires registration reviewable in risk level proceeding]), but defendant did not appeal. Contrary to defendant's contention, *People v Baluja* (109 AD3d 803 [2d Dept 2013], *lv denied* 22 NY3d 856 [2013]) did not address the reviewability issue presented here.

Since the issue is one of reviewability by this Court, it is of no moment that the SORA hearing court and the parties engaged in the essentially academic exercise of litigating the issue of whether defendant was required to register as a sex offender, an issue that had necessarily been decided at his sentencing. Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.