■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUHAMET MARKE, Appellant. [39 NYS3d 834]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated September 17, 2014, which, after a hearing, designated him a level one sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted of unlawful surveillance in the second degree under Penal Law § 250.45 (2). At the risk level hearing held pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), he requested that the Supreme Court exercise its discretion under Correction Law § 168-a (2) (e) to find that he was not a sex offender.

The court rejected the defendant's request and designated him a level one sex offender. The defendant appeals.

Under SORA, a "sex offender" is a person who is convicted of a "sex offense" (Correction Law § 168-a [1], [2]). Correction Law § 168-a (2) (e) provides that "a conviction of or a conviction for an attempt to commit any of the provisions of subdivision two, three or four of section 250.45 of the penal law," is a sex offense, "unless upon motion by the defendant, the trial court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that registration would be unduly harsh and inappropriate."

Here, the Supreme Court did not improvidently exercise its discretion in declining to find that the defendant is not a sex offender. Nothing in the record regarding the nature and circumstances of the crime or the history and character of the defendant establishes that registration would be unduly harsh and inappropriate (*see* Correction Law § 168-a [2] [e]; *People v Simmons*, 129 AD3d 520, 521 [2015]; *People v Piznarski*, 113 AD3d 166, 182 [2013]; *People v Magliocco*, 101 AD3d 1724, 1724 [2012]; *People v Allen*, 64 AD3d 1190, 1191 [2009]). Accordingly, the defendant was properly designated a level one sex offender. Eng, P.J., Balkin, Hall and Barros, JJ., concur.