People v Hawthorne (2018 NY Slip Op 00855)





People v Hawthorne


2018 NY Slip Op 00855


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-09619

[*1]People of State of New York, respondent, 
v
Philip Hawthorne, appellant.


Paul Skip Laisure, New York, NY (Anna Kou of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Kayonia L. Whetstone of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated July 28, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to one count of use of a child in a sexual performance (Penal Law § 263.05). Prior to his release from prison, the Supreme Court held a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). Following the hearing, the court, among other things, assessed the defendant 20 points under risk factor 13, denied the defendant's request for a downward departure from his presumptive risk level, and adjudicated him a level two sex offender. The defendant appeals.
The defendant contends that the Supreme Court erred in assessing him 20 points under risk factor 13. Risk factor 13, titled "Conduct While Confined or Under Supervision," provides that an offender may be assessed 20 points if "[t]he offender's adjustment to confinement or supervision has been unsatisfactory and has included inappropriate sexual conduct" (SORA: Risk Assessment Guidelines and Commentary, risk factor 13 [2006] [hereinafter Guidelines]). The examples of "inappropriate sexual behavior" cited in the Guidelines include disciplinary infractions "for behavior such as possessing pornography or any factor related to . . . sexual acting out" (id. at 16-17).
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (People v Parris, 153 AD3d 68, 82; see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408). "The interpretation of the SORA Guidelines is a question of law for the court" (People v Lawson, 90 AD3d 1006, 1007; see People v Wyatt, 89 AD3d 112, 117).
Here, the defendant's tier II disciplinary infraction for his attempt to initiate sexual contact with an on-duty corrections officer while he was incarcerated constituted inappropriate sexual conduct within the meaning of the Guidelines (see People v Faulkner, 151 AD3d 601, 601; [*2]People v Baluja, 109 AD3d 803, 804). Contrary to the defendant's contention, risk factor 13 includes conduct that does not rise to the level of "sexual misconduct" as that phrase is defined in Penal Law § 130.20 (see People v Lawson, 90 AD3d at 1007; see also Guidelines at 16-17). Accordingly, the defendant was properly assessed 20 points under risk factor 13 for unsatisfactory conduct while confined that involved inappropriate sexual conduct (see People v Faulkner, 151 AD3d at 601; People v Baluja, 109 AD3d at 804).
The defendant also contends that the Supreme Court erred in denying his request for a downward departure from his presumptive risk level of risk level two to risk level one. "[A] court is empowered to exercise its discretion and depart from the presumptive risk level based upon the facts in the record" (People v Abdullah, 31 AD3d 515, 516). "Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (People v Gillotti, 23 NY3d 841, 861).
"At the first step, the court must decide whether the . . . mitigating circumstances alleged . . . are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (id. at 861; see Guidelines at 4). "At the second step, the court must decide whether the [defendant] has adduced sufficient evidence to meet [his or her] burden of proof in establishing that the alleged . . . mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861; see Guidelines at 4, 7). "[A] defendant must prove the existence of the mitigating circumstances . . . by a . . . preponderance of the evidence" (People v Gillotti, 23 NY3d at 864).
"If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (id. at 861). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id.).
Here, the defendant has cited several factors in support of his request for a downward departure: (1) his outstanding response to sex offender treatment, (2) his remorse and acceptance of responsibility for his crime, (3) his strong family support network in place to assist him upon his release, (4) his lack of prior criminal history, and (5) his lack of a history of substance abuse.
Although "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17; see People v Washington, 84 AD3d 910, 911), the defendant here failed to demonstrate by a preponderance of the evidence that his response to treatment was "exceptional" (Guidelines at 17; see People v Dyson, 130 AD3d 600, 600-601; People v Torres, 124 AD3d 744, 746; People v Jackson, 114 AD3d 739, 739-740; People v Roldan, 111 AD3d 909, 910).
Furthermore, the other circumstances cited by the defendant in support of his request for a downward departure were adequately taken into account under the Guidelines (see Guidelines at 13-15, 17-18; People v Santiago, 137 AD3d 762, 764; People v Torres, 124 AD3d at 745-746). Inasmuch as the mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence, the Supreme Court lacked the discretion to downwardly depart from the presumptive risk level (see People v Gillotti, 23 NY3d at 861; People v Santiago, 137 AD3d at 765; People v Wyatt, 89 AD3d at 128). Accordingly, the court properly denied the defendant's request for a downward departure.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court