People v Villalta (2018 NY Slip Op 08338)





People v Villalta


2018 NY Slip Op 08338


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2014-05280
 (Ind. No. 2928/12)

[*1]The People of the State of New York, respondent,
v
Ramon R. Villalta, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered April 24, 2014, convicting him of unlawful surveillance in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Moreover, upon its consideration of the competing expert testimony presented by the parties, and its application of the relevant factors for determining the authentication of videographic evidence (see generally People v Price, 29 NY3d 472, 476; People v Patterson, 93 NY2d 80, 84), the Supreme Court providently exercised its discretion in concluding that the video proffered by the prosecution was properly authenticated and, therefore, admissible (see e.g. People v McGee, 49 NY2d 48, 59; People v Hill, 110 AD3d 410, 411; People v Bonhomme, 85 AD3d 939, 940).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in determining, after consideration of the nature and circumstances of the crime of unlawful surveillance in the second degree, and the history and character of the defendant, that his registration as a sex offender would not be "unduly harsh and inappropriate" (Correction Law § 168-a[2][e]; see People v Lema, 157 AD3d 406; People v Marke, 144 AD3d 651, 652; People v Simmons, 129 AD3d 520), and in denying the defendant's motion for an exemption from sex offender registration.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court