People v Padgett (2019 NY Slip Op 02131)





People v Padgett


2019 NY Slip Op 02131


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-01603

[*1]People of State of New York, respondent,
v
Damell Padgett, appellant.


Janet E. Sabel, New York, NY (Lorraine Maddalo of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Ryan Bae of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Ruth Shillingford, J.), dated January 14, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the defendant was designated a level three sex offender. We agree with the Supreme Court's assessment of 15 points under risk factor 12 (acceptance of responsibility). The defendant's refusal to participate in a sex offender treatment program automatically demonstrates an unwillingness to accept responsibility for the crime (see People v Quinones, 157 AD3d 834; People v Grigg, 112 AD3d 802, 803; People v DeCastro, 101 AD3d 693, 693).
We also agree with the Supreme Court's assessment of 15 points under risk factor 11, based on the defendant's history of drug abuse (see People v Aldarondo, 136 AD3d 770, 770-771; People v Zavala, 114 AD3d 653, 654; People v Fryer, 101 AD3d 835; People v Finizio, 100 AD3d 977, 978), and 20 points under risk factor 13 for unsatisfactory conduct with sexual misconduct while confined (see People v LeGrand, 152 AD3d 722; People v Faulkner, 151 AD3d 601, 601; People v Baluja, 109 AD3d 803, 804).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court