People v Ramos (2019 NY Slip Op 09153)





People v Ramos


2019 NY Slip Op 09153


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1121 KA 17-01814

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUAN RAMOS, DEFENDANT-APPELLANT. 






ROBERT J. GALLAMORE, OSWEGO, FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Oswego County Court (Donald E. Todd, J.), dated March 27, 2017. The order determined that defendant is a level one risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the determination that defendant is a sex offender is annulled, and defendant's risk level determination pursuant to the Sex Offender Registration Act is vacated.
Memorandum: Defendant appeals from an order determining that he is a level one risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Defendant contends that the Board of Examiners of Sex Offenders (Board) erred in determining that he is a sex offender. We agree and therefore conclude that the Board's determination must be annulled and the risk level determination must be vacated (see People v Diaz, 32 NY3d 538, 544 [2018]; People v Millan, 295 AD2d 267, 268 [1st Dept 2002]).
A "sex offender" is a person who is convicted of an offense described in Correction Law § 168-a (2) or (3) (see §§ 168-a [1];
168-d [1] [a]). As relevant here, the definition of "sex offender" includes a person convicted of "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (§ 168-a [2] [d] [ii]; see Diaz, 32 NY3d at 542). In its case summary, the Board determined that defendant, who had recently moved to New York State, is a sex offender inasmuch as he was convicted of a felony sex offense in Puerto Rico for which he was required to register in Puerto Rico, and that defendant was therefore required to register in New York. During the SORA proceeding to determine his risk level designation, defendant challenged the Board's determination that he is a sex offender (see generally People v Liden, 19 NY3d 271, 273 [2012]).
We agree with defendant that, in making its determination that defendant is a sex offender, the Board erred in relying on documents in Spanish that were not accompanied by an English translation (see generally CPLR 2101 [b]). Upon defendant's objection during the SORA hearing to the Board's determination, no additional documents were submitted to support the Board's determination. Thus, there is no English-translated document stating the offense of which defendant was convicted in Puerto Rico, and therefore there is no competent evidence to support the Board's determination that defendant was convicted of a felony offense in another jurisdiction (cf. Matter of Board of Examiners of Sex Offenders of the State of N.Y. v D'Agostino, 130 AD3d 1449, 1449 [4th Dept 2015]; see generally Correction Law § 168-d [2] [d] [ii]). In addition, the purported sex offender registration form showing that defendant was required to register in Puerto Rico is entirely in Spanish, and thus there is no competent evidence to support the Board's determination that defendant was required to register as a sex offender in Puerto Rico (see generally People v Kennedy, 7 NY3d 87, 92 [2006]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court