People v Wolbert (2022 NY Slip Op 04313)

People v Wolbert

2022 NY Slip Op 04313

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-11278

[*1]The People of the State of New York, respondent,
v
Louis P. Wolbert, appellant.

Del Atwell, East Hampton, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated September 10, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 125 points under the risk assessment instrument, which placed him within the range for a presumptive level three designation. The court denied the defendant's request for a downward departure from the presumptive risk level and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to meet his burden of establishing facts in support of a mitigating factor (see People v Mitchell, 196 AD3d 516, 517; People v Wyatt, 89 AD3d at 128). Contrary to the defendant's contention, although advanced age may constitute a basis for a downward departure, the defendant failed to demonstrate that his age at the time of the SORA hearing, 70 years old, minimized his risk to reoffend (see People v Samuels, 199 AD3d 1034, 1036; People v Mitchell, 196 AD3d at 518). Further, the defendant failed to provide any evidence to support his contention that his response to a sex offender treatment program that he completed while he was incarcerated was exceptional (see People v Grunwald, 201 AD3d 825, 826; People v [*2]Samuels, 199 AD3d at 1036-1037). The defendant also failed to establish that the other programs that he contended he completed when he was incarcerated constituted appropriate mitigating factors which would warrant a downward departure (see People v Leung, 191 AD3d 1023, 1024).
"A defendant has a right to the effective assistance of counsel in a SORA proceeding" (People v Bertrand, 194 AD3d 1081, 1081). Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case (see People v Georgiou, 38 AD3d at 160-161). Even under the state standard, however, a claim that counsel was ineffective for failing to make a motion or argument is without merit when such motion or argument had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Green, 195 AD3d 754, 755-756). Here, contrary to the defendant's contention, defense counsel was not ineffective for failing to argue that the defendant's response to the sex offender treatment program that he completed while he was incarcerated was exceptional. The record demonstrates that such an argument had little or no chance of success and there is no reasonable probability that the result of the proceeding would have been different (see People v Butler, 157 AD3d 727, 731-732; see also Strickland v Washington, 466 US at 694).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit (see People v Smith, 194 AD3d 767, 769; People v Parris, 153 AD3d 68, 77).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court