People v Linares (2024 NY Slip Op 01207)

People v Linares

2024 NY Slip Op 01207

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-09599

[*1]The People of the State of New York, respondent,
v
Juan Linares, appellant. Andrea Ferrante, Staten Island, NY, for appellant.

Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated August 1, 2022, which, after a hearing, designated him a level one sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of unlawful surveillance in the second degree under Penal Law § 250.45(3) and subsequently designated a level one sex offender. On appeal, the defendant contends that the Supreme Court improvidently exercised its discretion in denying his motion pursuant to Correction Law § 168-a(2)(e) for a finding that he was not a sex offender.
Under the Sex Offender Registration Act (Correction Law art 6-C), a "[s]ex offender" is a person who is convicted of a "[s]ex offense" (Correction Law § 168-a[1], [2]). Correction Law § 168-a(2)(e) provides that "a conviction of or a conviction for an attempt to commit any of the provisions of [Penal Law § 250.45(2), (3), or (4)]" is a sex offense, "unless upon motion by the defendant, the trial court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that registration would be unduly harsh and inappropriate."
Here, the Supreme Court providently exercised its discretion in declining to find that the defendant is not a sex offender. Nothing in the record regarding the nature and circumstances of the crime or the history and character of the defendant establishes that registration as a sex offender would be unduly harsh and inappropriate (see id.; People v Marke, 144 AD3d 651). Accordingly, the court properly designated the defendant a level one sex offender.
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court