People v Burgos (2024 NY Slip Op 01255)

People v Burgos

2024 NY Slip Op 01255

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Ind. No. 1010/17 Appeal No. 1812-1812A Case No. 2018-2235, 2021-00441 

[*1]The People of the State of New York, Respondent,
v
David Burgos, Defendant-Appellant. Case Nos.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered October 2, 2017, convicting defendant, upon his plea of guilty, of burglary in the second degree as a sexually motivated felony and public lewdness, and sentencing him to an aggregate term of 3½ years, unanimously modified, on the law, to the extent of vacating so much of the judgment as certified defendant a sex offender, required him to register under the Sora (Correction Law art 6-C), and imposed sex offender fees, and otherwise affirmed. Appeal from order, same court (Thomas Farber, J.), entered on or about November 13, 2020, which denied defendant's CPL 440.20 motion to set aside the sex offender certification, unanimously dismissed, as academic.
As the People concede, burglary in the second degree as a sexually motivated felony is not a registrable sex offense under Sora (see People v Conyers, 212 AD3d 417, 418 [1st Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Simmons, 203 AD3d 106, 111-112 [1st Dept 2022], lv denied 38 NY3d 1035 [2022]). We therefore modify the judgment as indicated.
In light of the foregoing, defendant's appeal from the order denying his CPL 440.20 motion is academic. In any event, as defendant concedes, a CPL 440.20 motion is not the proper vehicle to challenge his sex offender certification because the certification is part of the judgment of conviction, not part of the sentence (see People v Buyund, 37 NY3d 532, 539 [2021]; People v Miguel, 140 AD3d 497 [1st Dept 2016], lv denied 28 NY3d 908 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024