■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD LAWSON, Appellant. [935 NYS2d 650]—

In determining the defendant's risk level pursuant to the Sex

Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders assessed the defendant 20 points under risk factor 13 on the risk assessment instrument (hereinafter the RAI). These points were based on the defendant's commission of a tier II infraction involving his "lewd exposure to a female corrections officer" while he was incarcerated. The defendant contends that he was erroneously assessed these 20 points because, among other things, the lewd conduct did not amount to "sexual misconduct" as defined by the Penal Law. This contention is without merit.

The interpretation of the SORA Guidelines is a question of law for the court (*see People v Johnson*, 11 NY3d 416, 421 [2008]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]). Here the court correctly interpreted risk factor 13 to include inappropriate sexual conduct in addition to, and of a lesser degree of severity than, the "sexual misconduct" defined in Penal Law § 130.20. In this regard, we note that the examples of "inappropriate sexual behavior" in the SORA Guidelines and Commentary which warrant the assessment of 20 points include "possessing pornography" or "sexual acting out" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16-17 [2006]). Here, the defendant's tier II infraction was far more serious than these examples. In addition, the People met their burden of adducing facts in support of the assessment of 20 points under risk factor 13 by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]).

The defendant's remaining contentions are without merit.

Accordingly, the defendant was properly designated a level three sex offender and a sexually violent offender. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.