◼ THE PEOPLE OF STATE OF NEW YORK, Respondent, v JACOB KAFF, Appellant. [51 NYS3d 170]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated December 9, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was properly assessed 20 points under risk factor 13 for unsatisfactory conduct while confined that involved inappropriate sexual conduct (*see People v Baluja*, 109 AD3d 803, 804 [2013]; *People v Lawson*, 90 AD3d 1006, 1007 [2011]). There is no merit to the defendant's contention that it was improper to assess points under risk factor 13 because the incident resulting in his tier III disciplinary violation for lewd conduct, which occurred in November 2013, was too temporally remote to be relevant to his risk of reoffense on his release from prison in 2016, and took place more than one year before

he completed sex offender counseling. The Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines) discuss risk factor 13 in two paragraphs (*see* Guidelines at 16-17). The first paragraph discusses unsatisfactory conduct while confined or supervised that warrants the assessment of 10 points (*see* Guidelines at 16). The first paragraph provides that a recent tier III disciplinary violation is one ground for assessing 10 points under risk factor 13 (*see* Guidelines at 16). The second paragraph discusses unsatisfactory conduct while confined or supervised that involved sexual misconduct, which warrants the assessment of 20 points (*see* Guidelines at 16-17). Contrary to the defendant's contention, the Guidelines do not preclude the assessment of points based on remoteness (*see* Guidelines at 16-17).

Contrary to the defendant's further contention, the Supreme Court properly denied his application for a downward departure from his presumptive risk level three. The mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a downward departure from the presumptive risk level (*see People v Rose*, 146 AD3d 911, 912 [2017]; *People v Ibarra*, 137 AD3d 1097, 1098 [2016]).

Accordingly, the Supreme Court properly designated the defendant a level three sex offender. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.