People v Harrington (2019 NY Slip Op 02730)





People v Harrington


2019 NY Slip Op 02730


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-02944

[*1]People of State of New York, respondent,
v
Evan D. Harrington, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo and Anita Aboagye-Agyeman of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Josette Simmons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven W. Paynter, J.), dated March 1, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A grand jury indicted the defendant on various charges, including sex trafficking, kidnapping in the first degree, and rape in the first degree. The defendant pleaded guilty to the sex trafficking charge in full satisfaction of the indictment and was sentenced to an indeterminate term of imprisonment of 3 to 9 years. Thereafter, the Supreme Court conducted a risk level assessment hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA) and designated the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, there was clear and convincing evidence presented at the hearing to support the assessment of 20 points under risk factor 13 for unsatisfactory conduct with sexual misconduct while confined (see People v Lawson, 90 AD3d 1006, 1007; People v Wyatt, 89 AD3d 112, 118). The defendant's unsatisfactory conduct with sexual misconduct during his incarceration was established by the case summary prepared by the Board of Examiners of Sex Offenders (see People v Mingo, 12 NY3d 563, 571-573), which stated that the defendant had received a lewd conduct violation while incarcerated (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16-17 [2006]; see also 7 NYCRR 270.2[B][2][iii]; see generally People v Lawson, 90 AD3d at 1007).
Contrary to the defendant's further contention, he was not deprived of the effective assistance of counsel at the SORA proceeding (see People v Webb, 162 AD3d 918, 919; People v Bowles, 89 AD3d 171, 179-181; see also People v Baldi, 54 NY2d 137, 147).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court