People v Hunter (2021 NY Slip Op 05357)





People v Hunter


2021 NY Slip Op 05357


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2017-11743

[*1]The People of the State of New York, respondent,
v
Philip S. Hunter, appellant.


John A. Cirando, Syracuse, NY (Rebecca L. Konst of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated October 11, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 90 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender.
Contrary to the defendant's contention, the assessment of 10 points under risk factor 13 was supported by clear and convincing evidence. The defendant's unsatisfactory conduct during his incarceration was established by, inter alia, the case summary, which revealed that he committed three tier II and five tier III disciplinary violations (see People v Bower, 157 AD3d 833; People v Anderson, 137 AD3d 988, 988).
Contrary to the defendant's further contention, the County Court properly denied his application for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the mitigating factors identified by the defendant either were adequately taken into account by the SORA Guidelines or did not warrant a downward departure from the presumptive risk level (see People v Kaff, 149 AD3d 783, 784; People v Rose, 146 AD3d 911, 912).
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court