People v Vidro (2022 NY Slip Op 05616)

People v Vidro

2022 NY Slip Op 05616

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Ind No. 1671/11 Appeal No. 16348 Case No. 2021-01369 

[*1]The People of the State of New York, Respondent,
v
Luis Vidro, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Felicia A. Yancey of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 19, 2021, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 20 points for unsatisfactory conduct while confined, with sexual misconduct. Over 21 days in October 2019, defendant made 146 calls from his place of incarceration to a hotline at the Department of Child Support Services, and verbally harassed customer service representatives. He did not have an active child support case at the time. In three of these taped conversations, defendant made statements that were sexually suggestive. Most notably, defendant told a representative that she "sound[ed] so sexy" when she referred to him as "sir," and asked, "Do you want me to be your baby daddy?"
For his conduct, defendant received a Tier III disciplinary infraction for "harassment" and "stalking." However, he was expressly found "not guilty" on the charge of a "sex offense." On appeal, defendant argues that this "sex offense acquittal" was incompatible with the court's point assessment based on "sexual misconduct."
We find that the disciplinary determination regarding the charged "sex offense" did not have the preclusive effect that defendant claims. There is no basis in the record for finding that the criteria for commission of a "sex offense" are coextensive with "sexual misconduct" within the meaning of risk factor 13. In the absence of such an equivalence, the court was bound to evaluate defendant's conduct under the definition of "conduct while confined or under supervision" set forth in the Guidelines. Under that standard, a defendant commits sexual misconduct where he is "involved in inappropriate sexual behavior or receives dispositions for behavior such as possessing pornography or any factor related to his sexual acting out" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16-17 [2006]).
The circumstances here are analogous to those in People v Lawson (90 AD3d 1006 [2d Dept 2011], lv denied 18 NY3d 810 [2012]), in which the Second Department held that "sexual misconduct" under risk factor 13 can include conduct of lesser severity than "sexual misconduct" under Penal Law § 130.20, which requires proof of oral or anal sexual conduct. Here, under the terse but quite general Guidelines standard, the court acted within its discretion in finding that defendant's implicitly sexual overtures constituted "inappropriate sexual behavior" that was "related to his sexual acting out" (Guidelines at 16-17). The not guilty finding with regard to the disciplinary charge of a sex offense did not act a bar to the court's determination.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Most of the mitigating factors cited by defendant were taken into account [*2]by the risk assessment instrument, and all of the claimed mitigation was outweighed by aggravating circumstances, including the heinousness of the underlying sex crime. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022