People v Goodwin (2022 NY Slip Op 06825)

People v Goodwin

2022 NY Slip Op 06825

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-14576

[*1]The People of the State of New York, respondent,
v
Kenneth Goodwin, appellant.

Patricia Pazner, New York, NY (Benjamin Welikson of counsel; Rico Altman-Merino on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel; Andrew Holloway on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated December 11, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from an order, made after a hearing, designating him a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). He contends that the Supreme Court erred in denying his application for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the Supreme Court properly denied the defendant's application for a downward departure. Since the defendant did not assert his advanced age as a ground for a downward departure at the SORA hearing, the defendant failed to preserve for appellate review his contention that a downward departure was warranted based on his advanced age (see People v Colon, 186 AD3d 1730, 1731). In any event, he failed to demonstrate by a preponderance of the evidence that his age at the time of the SORA hearing would minimize his risk of reoffense or danger to the community (see People v Jimenez, 178 AD3d 1099, 1101). The defendant's result on the Static-99R alternate risk assessment does not, standing alone, qualify as a mitigating factor (see id.). The other mitigating factors the defendant identified either were adequately taken into account by the Guidelines or did [*2]not warrant a downward departure from the presumptive risk level (see People v Hunter, 198 AD3d 691, 692).
DILLON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court