People v Neal (2023 NY Slip Op 01148)

People v Neal

2023 NY Slip Op 01148

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Friedman, J.P., Gesmer, Singh, Higgitt, JJ. 

Ind No. 6135/97 Appeal No. 17430 Case No. 2014-2548 

[*1]The People of the State of New York, Respondent,
v
Derrick Neal, Defendant-Appellant.

Justine Luongo, The Legal Aid Society, New York (Elizabeth B. Emmons of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Order, Supreme Court, New York County (Richard Carruthers, J.), entered on or about September 11, 2013, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant challenges two point assessments, either of which, when added to uncontested points, qualifies defendant as a level two offender. We find that both assessments were correct.
The court's assessment of 15 points under the risk factor for drug or alcohol abuse was supported by clear and convincing evidence, consisting of the case summary and the fact that defendant was referred to, and participated in drug treatment. Defendant's compulsory abstinence, while incarcerated, from using prohibited substances is an unreliable predictor of his risk of reoffense (see People v Sepulveda, 187 AD3d 448 [1st Dept 2020], lv denied 36 NY3d 904 [2021]).
The court properly assessed 20 points under the risk factor for unsatisfactory conduct while confined, including sexual misconduct, and this did not represent an overassessment of defendant's risk of reoffense. Among other disciplinary infractions, defendant committed a lewd conduct infraction under disturbing circumstances, and the court was not required to disregard this infraction on the ground of remoteness in time (see People v Kaff, 149 AD3d 783, 784 [2d Dept 2017], lv denied 29 NY3d 916 [2017]).
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). There was nothing exceptional about defendant's rehabilitation, and there were no other mitigating factors that were not adequately taken into account by the risk assessment instrument or outweighed by the gravity of the underlying crime.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023