OPINION OF THE COURT
George B. Daniels, J.
The defendant, James Jackson, moves, pursuant to CPL 440.10, to vacate his 1994 judgment of conviction for felony auto stripping in the first degree (Penal Law former § 165.10 [now second degree]) on the grounds that it was obtained in violation of his constitutional rights. At the time of his conviction the defendant pleaded guilty to felony auto stripping, although he was charged with and was guilty of only misdemeanor auto stripping. The People oppose the defendant’s motion and propose that this court merely modify that judgment to reflect a misdemeanor conviction.
This case raises the novel issue of whether a defendant who erroneously pleaded guilty to a felony instead of a misdemeanor, has the right to collaterally attack and vacate that judgment of conviction years later as illegal, where that conviction is now being used to elevate a new charge from a misdemeanor to a felony.
On April 30, 1994, the defendant and his codefendant Danny Taylor were arrested for breaking into an automobile and taking a cassette radio and a sum of United States currency. On May 6, 1994, the Criminal Court Judge offered this defendant four months’ jail in exchange for his guilty plea to misdemeanor auto stripping (Penal Law former § 165.09). Both the defendant and his codefendant were subsequently indicted and jointly charged with the misdemeanors of auto stripping in the second degree (Penal Law former § 165.09 [now auto stripping in the third degree]), possession of burglar’s tools (Penal Law § 140.35), petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). Additionally, codefendant Taylor was separately charged with felony auto stripping in the first degree (Penal Law former § 165.10) based on his prior conviction for auto stripping. That section provided that a person is guilty of felony *589 auto stripping when he commits the offense of misdemeanor auto stripping, and when he has been previously convicted within the last five years of that offense.
On June 29, 1994, as part of a negotiated plea agreement, the defendant withdrew his previously entered plea of not guilty and offered to plead guilty to auto stripping in exchange for a four-month jail sentence. The court erroneously had the defendant plead guilty to felony auto stripping (Penal Law former § 165.10). The defendant incorrectly admitted to having a previous misdemeanor auto stripping conviction. The court noted that it needed a certificate of the defendant’s prior conviction which elevated the crime from a misdemeanor to a felony. No certificate of conviction was ever filed prior to sentencing. In fact, the indictment had charged only the codefendant with a felony. Although this defendant had numerous prior convictions for car break-ins, none of his prior guilty pleas were to auto stripping. Neither the court, prosecutor, nor defense attorney realized the error and on July 13, 1994 the defendant was sentenced to four months in jail based upon his felony conviction.
The record indicates that at sentencing the defendant was given written notice of his right to appeal. However, he did not appeal the conviction. In December 1996, the defendant was again rearrested for another car break-in and after indictment pleaded guilty to felony auto stripping based upon the instant 1994 conviction. Sentencing on that case has been adjourned by another court awaiting a decision on this motion as a vacatur of the prior auto stripping conviction would in effect eliminate a predicate felony conviction as well as one of the elements of the crime that elevates the charge to a felony i.e., an auto stripping conviction within the last five years.
This defendant has numerous convictions in both New York and New Jersey. His New York State criminal history consists of a six-month jail sentence for a February 1, 1990 guilty plea to a felony drug sale; time served for a November 30, 1989 conviction by guilty plea for misdemeanor drug possession; and time served for a July 14, 1992 misdemeanor fraud/fare beat conviction by guilty plea. The defendant was also convicted by guilty plea of petit larceny on four occasions, to wit: January 22,1993; May 19, 1993; February 21, 1994; and March 14, 1994. Each plea was apparently to satisfy all charges relating to separate car break-ins. The defendant was sentenced for those crimes to 4 months’ jail; an initial sentence of community service and then resentenced to 15 days’ jail for violation of his *590 conditional discharge; 30 days’ jail; and 45 days’ jail, respectively. On July 13, 1994, the defendant was convicted of the instant felony auto stripping charge and on October 14, 1996, he was arraigned on a misdemeanor assault case. Finally, on December 22, 1996, the defendant was rearrested and subsequently indicted on the new auto stripping case to which he has entered a plea of guilty in another court to the charge of felony auto stripping with a promise of V-h to 3 years in prison as a second felony offender.[1]
CPL 440.10 (1) sets forth several grounds upon which a court may vacate a judgment of conviction by guilty plea, namely: (1) lack of jurisdiction; (2) duress, misrepresentation or fraud on the part of the court or prosecutor; (3) the defendant’s mental incompetence; and (4) a violation of the defendant’s constitutional rights. However, even when a defendant raises a valid ground or issue for vacating a judgment, the court must still deny the motion if sufficient facts appear on the record to have permitted appellate review and there exists an unjustifiable failure by the defendant to take or perfect a direct appeal (see, CPL 440.10 [2] [c]; People v Cooks, 67 NY2d 100 [1986]). If these two statutory conditions exist, the defendant is procedurally barred from obtaining relief (see, People v Harris, 109 AD2d 351 [2d Dept 1985]). Only in the unusual situation where sufficient facts with respect to the claimed error of law do not appear on the record, is a CPL 440.10 motion to vacate a judgment available as a means of review (see, People v Cooks, supra, at 104). Courts have held that vacatur motions were proper, despite the defendant’s failure to appeal or perfect his appeal, where trial counsel misled him to believe that an appeal had been taken (see, People v Callaway, 24 NY2d 127 [1969]; People v Lampkins, 21 NY2d 138 [1967]); he was not advised of his right to appeal (see, People v Montgomery, 24 NY2d 130 [1969]; People v Adams, 12 NY2d 417 [1963]); his trial counsel terminated his representation prior to assisting defendant in serving and filing a notice of appeal (see, People v O’Bryan, 26 NY2d 95 [1970]); defendant was mentally incapacitated during the period of time the appeal could be taken (see, People v Hill, 8 NY2d 935 [I960]); prison officials prevented him from appealing (see, People v Hairston, 10 NY2d 92 [1961]); or the appeal was not perfected as a result of defendant’s inability to procure *591 a copy of the trial minutes due to his indigency (see, People v Stanley, 12 NY2d 250 [1963]).
This defendant’s 1994 guilty plea to felony auto stripping in the first degree was jurisdictionally defective. The defendant pleaded guilty to a crime for which he was not charged in the indictment and which was not a lesser-included offense of a charged crime (see, CPL 220.10, 220.20). Indeed, the defendant could not have been charged with, nor was he guilty of, the felony. It is a jurisdictional violation for a trial court to accept a plea to a crime of higher degree than charged in the indictment (People v Johnson, 89 NY2d 905 [1996]). Since the defect in the guilty plea is jurisdictional, it could not be waived and was directly appealable (People v Crute, — AD2d —, 1997 NY Slip Op 00832 [1st Dept, Feb. 4, 1997]).
It should be noted, however, that the jurisdictional error in this case has nothing to do with the defendant’s guilt or innocence. During the allocution, the defendant fully admitted committing acts which would support a conviction for the misdemeanor auto stripping charge. He was also sentenced to the promised four months’ jail in accordance with his negotiated plea. Prior to the subject plea, the defendant had pleaded guilty in at least seven previous cases, four of which appear to relate to car break-ins under similar circumstances as the instant offense. Accordingly, the defendant is certainly not a novice to the criminal justice system and he is experienced with the procedural manner in which a plea is taken and its consequence (see, People v Gonzalez, 156 AD2d 135 [1st Dept 1989]). The defendant has never asserted his innocence to the auto stripping charge nor is such an assertion contained in his moving papers. What he seeks now is the benefit of avoiding the more serious treatment the law affords his most recent crime given his prior commission of that same conduct.
The error that occurred in this case is readily apparent on the face of the record. It was therefore incumbent upon the defendant to seek vacatur by direct appeal. The fact that, at the time of the plea, the court, prosecutor and defense counsel all failed to recognize that the defendant was erroneously pleading to the felony charge of auto stripping is not an excusable reason not to take or perfect an appeal. The defendant voluntarily pleaded guilty, received the agreed upon four months in jail, and sought not to appeal that conviction, apparently satisfied with the results of his plea bargain. In cases of a guilty plea, it is reasonable to assume, absent allegations to the contrary, that the defendant had neither reason nor desire *592 to prosecute an appeal (see, People v Lynn, 28 NY2d 196, 202 [1971]). Even a defendant’s failure to identify an obvious error on the face of the record does not in and of itself justify his failure to timely seek appellate review of his conviction. The statute governing motions to vacate a judgment gives this court no power to grant the relief sought by this defendant. Nor does this court have the inherent power to vacate the judgment of conviction by finding that the subject error was a mere clerical oversight or a disposition later found to be procured by fraud or misrepresentation (cf., Matter of Lockett v Juviler, 65 NY2d 182 [1985]; People v Wright, 56 NY2d 613 [1982]; People v Minaya, 54 NY2d 360 [1981]).[2] Accordingly, the defendant’s motion to vacate the judgment of conviction must be denied.
The People maintain that although this court lacks the power to vacate the judgment of conviction, this court should nonetheless modify the judgment to reflect that the defendant was convicted of misdemeanor auto stripping. Without the defendant joining in the People’s application to modify, this court lacks the authority to grant such relief.[3] In Matter of Campbell v Pesce (60 NY2d 165 [1983]), the People sought to vacate the defendant’s conviction on the ground that the felony charges had been reduced in violation of CPL 180.50 which prohibits the reduction of an armed felony to a misdemeanor unless the court first determines that there was no reasonable cause to believe that the defendant committed an armed felony. The court granted the motion and the defendant brought a CPLR article 78 proceeding seeking to prohibit further prosecution on the felony charges. The Court of Appeals granted the petition holding that after sentence has commenced, a court which *593 has accepted a plea in violation of the Criminal Procedure Law may not vacate the illegal plea and reinstate the original charges. The Court reasoned that "[i]n no instance have we recognized a court’s inherent power to vacate a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of judgment” (supra, at 169 [emphasis added]).
Even though a trial court lacks both the statutory and inherent authority to grant the People’s motion to vacate an illegal plea, the language of the Court of Appeals appears to recognize an exception that would permit some appropriate relief where the defendant consents. It is reasonable to conclude that a trial court could correct an error clear on the face of the record when both sides agree what relief is appropriate. Therefore, if the defendant joins in the People’s motion to have the court modify the judgment by reducing the conviction to the lesser misdemeanor crime, this court, rather than vacating the judgment, will then consider, pursuant to CPL 440.10 (4), taking "such other action as is appropriate in the circumstances.” Absent such an agreement, the defendant’s motion for a vacatur is denied and the People’s cross motion for a modification of the conviction is also denied.

. The People have already appropriately indicated that they would not seek to use the instant felony conviction as a predicate felony for a determination that the defendant is a second or persistent felony offender. In any event, the defendant already has another predicate felony conviction.

. There are clearly no "exceptional circumstances” in this case that would warrant vacatur in the interest of justice (see, e.g., People v Eastman, 46 Misc 2d 674 [Monroe County Ct 1965]). This is particularly true in light of the fact that the defendant is not seeking to have the record conform with both parties’ understanding that his plea should have been to the misdemeanor crime he committed. As already noted, he is seeking the benefit of totally vacating his judgment of conviction in order to now avoid the more serious treatment of his most recent criminal conduct as a felony. This is the treatment which the Legislature has determined is appropriate for a recidivist who makes a career of breaking into other people’s cars, a circumstance which clearly applies to this defendant given the nature of his criminal record.

. See, e.g., People v Gill, 109 AD2d 419 (3d Dept 1985) (the People’s failure to file, pursuant to CPL 200.60, a special information alleging defendant’s prior conviction of an offense which raises a lower grade offense to a higher grade, did not result in a misdemeanor conviction; the defect was merely procedural which was waived by defendant’s voluntary plea as defendant was fully informed as to the grade of crime to which he was pleading).