People v David (2022 NY Slip Op 01310)





People v David


2022 NY Slip Op 01310


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2020-00933
 (Ind. No. 6924/15)

[*1]The People of the State of New York, appellant,
v
Kareem David, respondent.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for appellant.
Janet E. Sabel, New York, NY (Lorraine Maddalo of counsel), for respondent.



DECISION & ORDER
Appeal by the People from a resentence of the Supreme Court, Kings County (Ruth Shillingford, J.), imposed December 10, 2019, upon the granting of that branch of the defendant's motion which was pursuant to CPL 440.20 to set aside so much of a sentence of the same court imposed December 22, 2016, as certified him as a sex offender pursuant to Correction Law article 6-C, upon his conviction of attempted strangulation in the second degree as a sexually motivated felony, upon his plea of guilty.
ORDERED that the resentence is reversed, on the law, that branch of the defendant's motion which was pursuant to CPL 440.20 to set aside so much of a sentence of the same court imposed December 22, 2016, as certified him as a sex offender pursuant to Correction Law article 6-C is denied, and the sentence imposed December 22, 2016, is reinstated.
The defendant pleaded guilty to attempted strangulation in the second degree as a sexually motivated felony (Penal Law §§ 110.00, 121.12, 130.91[1]). The defendant was sentenced to a term of imprisonment followed by a period of postrelease supervision, and was certified as a sex offender under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). Prior to the defendant's release from prison, the defendant moved, inter alia, pursuant to CPL 440.20 to vacate his certification as a sex offender on the ground that his certification was unlawful because the crime he was convicted of was not a sex offense or a sexually violent offense under Correction Law § 168-a. The Supreme Court granted that branch of the defendant's motion and set aside so much of the sentence as certified the defendant as a sex offender and required him to pay a sex offender registration fee. The court then resentenced the defendant to the originally-imposed term of imprisonment and post-release supervision. The People appeal.
While a defendant's certification as a sex offender under SORA is part of the judgment of conviction (see id. § 168-d[1][a]; People v Hernandez, 93 NY2d 261), "SORA certification is not part of a sentence" (People v Buyund, ___ NY3d ___, 2021 NY Slip Op 06529, *4; see People v Vere, 44 AD3d 690, 691; People v Lisle-Cannon, 31 AD3d 467, 468). Thus, the relief sought by the defendant was not available to him under CPL 440.20(1), which only authorizes a motion to set aside a sentence (see People v Lisle-Cannon, 31 AD3d at 468).
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court