People v Buyund (2022 NY Slip Op 03004)

People v Buyund

2022 NY Slip Op 03004

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
JOSEPH J. MALTESE, JJ.

2016-04948
 (Ind. No. 4558/14)

[*1]The People of the State of New York, respondent,
v
Donovan Buyund, appellant.

Patricia Pazner, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered April 1, 2016, convicting him of burglary in the first degree as a sexually motivated felony, upon his plea of guilty, imposing sentence, certifying him as a sex offender pursuant to the Sex Offender Registration Act, and requiring him to register as a sex offender and pay a $50 sex offender registration fee. By opinion and order dated November 13, 2019, this Court modified the judgment, on the law, by vacating the provisions thereof requiring the defendant to register as a sex offender and pay the $50 sex offender registration fee, and as so modified, affirmed the judgment (see People v Buyund, 179 AD3d 161). On November 23, 2021, the Court of Appeals reversed the opinion and order of this Court and remitted the matter to this Court for further proceedings (see People v Buyund, 37 NY3d 532). Justice Barros has been substituted for former Presiding Justice Scheinkman (see 22 NYCRR 1250.1[b]).
ORDERED that, upon remittitur from the Court of Appeals, the judgment is modified, as a matter of discretion in the interest of justice, by vacating the provisions thereof certifying the defendant as a sex offender pursuant to the Sex Offender Registration Act and requiring him to register as a sex offender and pay the $50 sex offender registration fee; as so modified, the judgment is affirmed.
The defendant was convicted of burglary in the first degree as a sexually motivated felony. As part of the judgment of conviction, the defendant was certified as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law § 168-d). On appeal from the judgment of conviction, the defendant contends, inter alia, that his certification as a sex offender was unlawful because the crime of which he was convicted is not an enumerated registerable offense under Correction Law § 168-a(2)(a). The People contend that this argument is unpreserved for appellate review and, in any event, without merit. The People do not contend before this Court that this argument is precluded by the defendant's waiver of the right to appeal.
In an opinion and order dated November 13, 2019, this Court concluded that the defendant's certification as a sex offender was unlawful, and that this issue fell within the exception to the preservation rule for challenges to unlawful sentences (see People v Buyund, 179 AD3d 161, 169-170). Accordingly, this Court modified the judgment, on the law, by vacating the provisions [*2]thereof requiring the defendant to register as a sex offender and pay the $50 sex offender registration fee (see id. at 171).
In an opinion dated November 23, 2021, the Court of Appeals concluded that sex offender certification is not part of a defendant's sentence, and thus, a contention regarding sex offender certification does not fall within the exception to the preservation rule for challenges to unlawful sentences (see People v Buyund, 37 NY3d 532, 537-541). However, the Court of Appeals noted that although it does not have interest-of-justice jurisdiction to review unpreserved issues, the "Appellate Division may have authority to take corrective action in the interest of justice based upon defendant's unpreserved challenge to the legality of his certification as a sex offender" (id. at 541). Accordingly, the Court of Appeals remitted the matter to this Court for further proceedings (see id.).
We now reach the defendant's unpreserved contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]; [6][a]). For the reasons stated in our prior opinion and order, the defendant's certification as a sex offender was unlawful (see People v Buyund, 179 AD3d at 169-170; see also People v Simmons, 203 AD3d 106).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Buyund, 179 AD3d at 171).
Accordingly, we modify the judgment, as a matter of discretion in the interest of justice, by vacating the provisions thereof certifying the defendant as a sex offender pursuant to the Sex Offender Registration Act and requiring him to register as a sex offender and pay the $50 sex offender registration fee, and as so modified, affirm the judgment.
LASALLE, P.J., DILLON, BARROS and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court