People v Blauvelt (2022 NY Slip Op 06959)

People v Blauvelt

2022 NY Slip Op 06959

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

112245
[*1]The People of the State of New York, Respondent,
v
Bradley Blauvelt, Appellant.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ. 

Marshall Nadan, Kingston, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered December 6, 2019, convicting defendant upon his plea of guilty of the crime of attempted criminal sexual act in the first degree.
Defendant was charged with several counts of criminal sexual act in the first degree stemming from allegations that he had sexual contact with a male relative who was seven years old, i.e., under the age of 11, on 17 occasions in October and November 2018. Subsequently, defendant waived indictment and pleaded guilty as charged in a superior court information to the reduced charge of attempted criminal sexual act in the first degree. The plea agreement satisfied potential class A-II felony charges for predatory sexual assault of a child and required a waiver of appeal. County Court sentenced defendant to a prison term of 15 years, to be followed by 20 years of postrelease supervision (hereinafter PRS), and issued a no-contact order of protection. Defendant appeals.
Initially, we agree with defendant that the waiver of appeal is unenforceable given language included in the written waiver that the "plea agreement and sentence will be a complete and final disposition of this case," thereby characterizing the waiver of rights in overly broad language, a deficiency not remedied by the oral colloquy (see People v Streater, 207 AD3d 952, 953-954 [3d Dept 2022], lv denied ___ NY3d ___ [Oct. 6, 2022]; People v Hawkins, 207 AD3d 814, 815 [3d Dept 2022]; see also People v Thomas, 34 NY3d 545, 559, 563, 566 [2019]). Given the invalid appeal waiver, defendant's contention that his sentence is harsh and excessive is not precluded (see People v Lopez, 6 NY3d 248, 256 [2006]).
Although County Court imposed the maximum prison sentence upon defendant's guilty plea to attempted criminal sexual act in the first degree (see Penal Law §§ 70.02 [1] [a], [b]; [3] [b]; 70.80 [4] [a] [ii]), the plea agreement permitted him to plead guilty to that reduced charge and avoid presentation to a grand jury of a potential class A-II felony charge that carried a maximum prison sentence of 25 years to life (see Penal Law §§ 70.00 [2] [a], [3] [a] [ii]; 130.96). Given the reprehensible and repeated nature of defendant's sexual assault of a child, and taking into consideration the mitigating factors, we find no basis upon which to conclude that the sentence is "unduly harsh or severe" (CPL 470.15 [6] [b]). However, inasmuch as defendant pleaded guilty to a class C violent felony sex offense (see Penal Law §§ 70.02 [a], [b]; 130.50), the maximum period of PRS that could be imposed is 15 years (see Penal Law § 70.45 [2-a] [e]). Given that County Court indicated its intent to impose the maximum permissible period of PRS, we deem it appropriate to reduce the period of PRS to 15 years (see People v Jones, 146 AD3d 1078, 1081-1082 n 1 [3d Dept 2017], lv denied 29 NY3d 999 [2017]).
Defendant further challenges the duration of the no-contact order of protection issued [*2]in favor of the victim and his mother, which expires eight years after the maximum expiration of his prison term, in 2042. Although not required (see People v Sanford, 171 AD3d 1405, 1407 [3d Dept 2019]), defendant was advised, as part of the plea agreement, that an order of protection would be issued with a maximum duration, and the duration imposed is lawful (see CPL 530.12 [5] [A] [ii]). Given the egregious conduct underlying defendant's conviction, we discern no abuse of discretion in the duration of the order of protection which, in any event, is subject to modification in the future upon a motion should the circumstances warrant (see CPL 530.12 [5]; People v Creech, 165 AD3d 1491, 1494 [3d Dept 2018]; People v Ash, 162 AD3d 1318, 1323 [3d Dept 2018], lv denied 32 NY3d 1002 [2018]). Defendant's remaining claims have been reviewed and found to be without merit.
Aarons, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, by reducing the period of postrelease supervision to 15 years; and, as so modified, affirmed.