People v Winter (2023 NY Slip Op 01820)

People v Winter

2023 NY Slip Op 01820

Decided on April 6, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023 

112500
[*1]The People of the State of New York, Respondent,
v
Lukas Suter Winter, Appellant.

Calendar Date:February 15, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Clifford P. Owens, Acting Public Defender, Kingston (Carly P. Burkhardt of counsel), for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered September 20, 2019, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
In 2019, defendant pleaded guilty to burglary in the third degree as a sexually motivated felony, admitting that he unlawfully entered the victim's home and attempted to force her to perform oral sex on him while he held a knife. Defendant further purported to waive his right to appeal, both orally and in writing. Pursuant to the plea agreement, County Court sentenced defendant to a prison term of seven years, to be followed by 10 years of postrelease supervision, and required him, upon his release from prison, to register as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). Defendant appeals.
Initially, defendant challenges the requirement that he register as a sex offender under SORA. Although we agree with the People that defendant's contention is unpreserved, we nevertheless find it appropriate to exercise our interest of justice jurisdiction under the circumstances presented (see CPL 470.15 [3] [c]; People v Buyund, 37 NY3d 532, 541 [2021]; People v Buyund, 205 AD3d 729, 731 [2d Dept 2022]). Addressing the merits of defendant's challenge, we agree with the analysis of our colleagues in the First and Second Departments concluding that registerable offenses subject to SORA are, by application of the clear statutory text, limited to those crimes expressly identified as "[s]ex offense[s]" pursuant to Correction Law § 168-a (2) (see People v Simmons, 203 AD3d 106, 110-113 [1st Dept 2022], lv denied 38 NY3d 1035 [2022]; People v Buyund, 179 AD3d 161, 163-170 [2d Dept 2019], revd on other grounds 37 NY3d 532 [2021]). As burglary in the third degree as a sexually motivated felony is not among the offenses enumerated therein, we agree that defendant was improperly required to register as a sex offender pursuant to SORA (see Correction Law § 168-a [2] [a]; Penal Law § 130.91; People v Simmons, 203 AD3d at 110-113; People v Buyund, 179 AD3d at 163-170).
Turning to the remainder of defendant's contentions, we agree that his waiver of the right to appeal is invalid. To be effective, the record must demonstrate that a waiver of the right to appeal was made "knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256 [2006]). To this end, "though a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned, it must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (id.). Where the trial court has "mischaracterized the nature of the right a defendant was being asked to cede, an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (People v Thomas, 34 NY3d 545, 565-566[*2][2019] [internal quotation marks and citation omitted]).
During the plea colloquy, County Court did not explain that certain appellate rights would survive the waiver of appeal and instead improperly described the rights to be waived as encompassing "any argument" that defendant might take to a higher court (see id. at 566). The written waiver, in turn, states that "[i]t is [defendant's] understanding and intention that [his] plea agreement and sentence will be a complete and final disposition of this case." Although the written appeal waiver also includes qualifying language limiting its application "to all legal issues that can be waived under the law[,]" and the court confirmed that defendant had discussed the waiver with counsel (see e.g. People v Soto, 199 AD3d 1128, 1129 [3d Dept 2021]; People v Thomas, 190 AD3d 1157, 1158-1159 [3d Dept 2021]), we find that the "totality of the circumstances" presented here fails to confirm that defendant understood that some appellate review would survive the waiver (People v Thomas, 34 NY3d at 559; see People v McNeil, 210 AD3d 1200, 1201 [3d Dept 2022]; People v Witherspoon, 210 AD3d 1145, 1146 [3d Dept 2022], lv denied 39 NY3d 1076 [2023]; People v Streater, 207 AD3d 952, 953-954 [3d Dept 2022], lv denied 39 NY3d 942 [2022]).
In view of defendant's invalid appeal waiver, his challenge to the severity of his sentence is not precluded (see People v Blauvelt, 211 AD3d 1175, 1175 [3d Dept 2022]; People v Moore, 203 AD3d 1401, 1401 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]). In this regard, defendant argues that certain of County Court's commentary at sentencing indicates that the sentence imposed was based upon the court's over-personalization of the case rather than consideration of appropriate factors — namely, societal protection, rehabilitation, deterrence, and the circumstances giving rise to the conviction (see People v Johnson, 197 AD3d 61, 72 [3d Dept 2021]). Although we have previously found similar statements to be inappropriate (see e.g. People v Lancaster, 200 AD3d 1352, 1356 [3d Dept 2021], lv denied 38 NY3d 951 [2022]), we do not find the agreed-upon sentence imposed here to be unduly harsh or severe, despite being at the maximum of the permissible statutory range, in view of the nature of defendant's conduct (see CPL 470.15 [6] [b]; Penal Law §§ 70.45 [2-a] [a]; 70.80 [4] [a] [iii]).
Lynch, Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the provisions thereof certifying defendant as a sex offender pursuant to the Sex Offender Registration Act and requiring him to register as a sex offender and pay the related sex offender registration fee; and, as so modified, affirmed.