People v Nadal-Sanchez (2023 NY Slip Op 02037)

People v Nadal-Sanchez

2023 NY Slip Op 02037

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

112386
[*1]The People of the State of New York, Respondent,
v
Giovanni Nadal-Sanchez, Appellant.

Calendar Date:March 24, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ.

Justin C. Brusgul, Altamont, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered December 4, 2019, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the second degree.
Defendant and his codefendant were charged in a 25-count indictment with, among other crimes, various drug- and weapon-related offenses. In full satisfaction of the 15 counts applicable to him, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree and one count of criminal possession of a weapon in the second degree, with the understanding that he would be sentenced to a prison term of eight years upon his conviction of the drug charge and to a prison term of five years upon his conviction of the weapon charge — to be served concurrently and to be followed by a period of postrelease supervision to be determined by County Court. The plea agreement also required defendant to waive his right to appeal. In accordance with such plea agreement, defendant pleaded guilty in conformity and County Court sentenced defendant to the contemplated terms of imprisonment followed by a period of postrelease supervision. This appeal ensued.
We affirm. The People concede, and our review of the record confirms, that defendant did not validly waive his right to appeal. The written appeal waiver contained both overbroad language and inaccurate information, and County Court's brief oral colloquy did not overcome those deficiencies "by ensuring that defendant understood that some appellate and collateral review survives an appeal waiver" (People v Williams, 203 AD3d 1398, 1398-1399 [3d Dept 2022], lv denied 38 NY3d 1036 [2022] [internal quotation marks and citation omitted]; see People v McLean, 207 AD3d 961, 961 [3d Dept 2022], lv denied 38 NY3d 1152 [2022]; People v Howard, 190 AD3d 1108, 1108 [3d Dept 2021]). As a result, defendant's challenge to the severity of his sentence is not precluded (see People v Blauvelt, 211 AD3d 1175, 1175 [3d Dept 2022]). Nonetheless, the record fails to disclose that the sentence imposed was unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to modify his sentence in the interest of justice — despite the fact that the instant crimes represent defendant's first felony convictions.
Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.