People v Richardson (2025 NY Slip Op 01980)

People v Richardson

2025 NY Slip Op 01980

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

CR-23-2366
[*1]The People of the State of New York, Respondent,
v
Jerome Richardson, Appellant.

Calendar Date:February 18, 2025

Before:Ceresia, J.P., Fisher, McShan and Mackey, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Caroline McCaffrey of counsel), for respondent.

McShan, J.
Appeal, by permission, from an order of the Supreme Court (Roger McDonough, J.), entered December 15, 2023 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the order certifying him as a sex offender.
In 2012, defendant pleaded guilty to burglary in the third degree as a sexually motivated felony (see Penal Law § 130.91 [2]) and was sentenced to a prison term of four years, to be followed by 15 years of postrelease supervision. At that time, defendant was required to pay a sex offender registration fee and was apprised of his obligation to register as a sex offender in compliance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) upon his release from prison. By all accounts, defendant did not appeal from the judgment of conviction. Following defendant's release from prison, defendant was classified as a risk level three sex offender by order entered August 5, 2015 and, upon defendant's appeal from that order, this Court affirmed (209 AD3d 1068 [3d Dept 2022], lv denied 39 NY3d 908 [2023]).
In April 2023, defendant moved pursuant to CPL 440.10 for an order "vacating the provisions certifying defendant as a sex offender." To that end, defendant argued that the judgment was obtained in violation of his constitutional rights; specifically, his right to meaningful representation. The crux of defendant's argument was that burglary in the third degree as a sexually motivated felony is not a registerable offense within the meaning of Correction Law § 168-a (2) and, therefore, counsel was ineffective for failing to raise this issue during the plea and/or sentencing proceedings. Supreme Court, in a lengthy decision, denied defendant's motion on the merits — finding that, based upon then-existing case law, counsel's failure to challenge defendant's 2012 certification as a sex offender did not constitute the ineffective assistance of counsel. Defendant appeals, by permission, from Supreme Court's resulting order.
This appeal, in all practicality, is precipitated by the procedural impediments to the relief sought by defendant, which he specifically limits to vacatur of the provisions requiring him to register as a sex offender. To that end, "a defendant's certification as a sex offender under SORA is part of the judgment of conviction" (People v David, 203 AD3d 739, 740 [2d Dept 2022], lv denied 38 NY3d 1032 [2022]; see People v Buyund, 37 NY3d 532, 537-538 [2021]; People v Hernandez, 93 NY2d 261, 267 [1999]) and, therefore, a challenge to such certification — specifically, a claim that the defendant is not subject to the SORA registration requirements because he or she was not convicted of a registerable offense — is properly raised upon a direct appeal from the judgment of conviction (see People v Shufelt, 223 AD3d 966, 967 [3d Dept 2024], lv denied 41 NY3d 909 [2024]; People v Marxuach, 210 AD3d 815, 815 [2d Dept 2022], lv denied 39 NY3d 911 [2023]; People v Matos, 209 AD3d 19, 26 [2d [*2]Dept 2022], lv denied 39 NY3d 905 [2022]). Noting the length of time that has passed since his conviction — which effectively eliminates the possibility of direct appeal (see CPL 460.30) — defendant has chosen to pursue relief pursuant to CPL 440.10 (1) (h) asserting a constitutional basis to vacate that part of the judgment of conviction imposing a requirement on him to register as a sex offender.[FN1]
Although the People concede that the offense that precipitated defendant's registration requirement was not a registerable offense (see People v Winter, 215 AD3d 1010, 1011 [3d Dept 2023]; see also People v Simmons, 203 AD3d 106, 110-113 [1st Dept 2022], lv denied 38 NY3d 1035 [2022]; People v Buyund, 179 AD3d 161, 163-170 [2d Dept 2019], revd on other grounds 37 NY3d 532 [2021]), they remain steadfast that defendant's counsel at the time of his plea and sentence was not ineffective. We agree. Here, "the success of the argument . . . defendant claims should have been made by counsel depended on the resolution of novel questions, . . . [and], at the time of . . . defendant's [plea], there was no clear appellate authority supporting the argument . . . defendant claims that counsel should have made" (People v Hayward, 42 NY3d 753, 756 [2024] [internal quotation marks and citation omitted]). As there was no established precedent to support his position at the time of his plea, we cannot conclude that he was provided deficient representation (see People v McGee, 20 NY3d 513, 518 [2013]; People v Kidd, 210 AD3d 1148, 1150 [3d Dept 2022], lv denied 39 NY3d 1073 [2023]).
That being said, our determination does not foreclose defendant from asserting a constitutional violation, albeit one predicated on a different theory. To that end, as intimated at oral argument, we note that a "[d]efendant[ ] ha[s] a liberty interest in not being misclassified as a sex offender and required to register under SORA" (People v Brown, 41 NY3d 279, 300 [2023]). Further, "[g]iven the impact of a sex offender designation, there should be no room for error in classification" (id. at 294). In our view, there is no dispute that defendant is "clearly harmed by this misclassification," and, moreover, that the underlying function of the sex offender registry is rendered "less reliable" by failing to remove an individual who was not intended by the Legislature to remain on it, as evidenced by the exclusion of the offense for which he was convicted on the list of registerable offenses (id. at 300; see People v Winter, 215 AD3d at 1011).
Although defendant did not expressly raise such grounds in his motion, we note the People's concession at oral argument that, in advocating that defendant pursue a different procedural course to obtain the requested relief, they do not oppose the ultimate result sought by defendant — the vacatur of the provisions of his judgment certifying him as a sex offender. Rather, the premise of the People's opposition, beyond the assertion that trial counsel was not [*3]ineffective, is that granting relief pursuant to CPL 440.10 requires the court to vacate defendant's conviction in its entirety and, in effect, places him in a position to withdraw his plea. However, defendant does not seek such relief as part of his motion and, in such circumstances, CPL 440.10 (4) provides the appropriate mechanism to vacate a judgment of conviction, make the necessary modification in this unique circumstance and reinstate the judgment as modified in accordance with the scope of defendant's request for relief (see People v Buyund, 205 AD3d 729, 731 [2d Dept 2022]; see generally People v Jackson, 172 Misc 2d 587, 593 [Sup Ct, NY County 1997], affd 266 AD2d 163 [1st Dept 1999], lv denied 94 NY2d 921 [2000]; compare People v Brown, 186 AD3d 1236, 1238 [2d Dept 2020]). Accordingly, bearing in mind that no party disputes that defendant should be afforded the discrete relief that he seeks in this proceeding and that defendant's motion broadly seeks relief pursuant to CPL 440.10 (1) (h), we believe it appropriate, in the interest of judicial economy, to address this matter now rather than require defendant to file a new motion asserting a different constitutional basis for the same relief. We therefore exercise our discretion, in the interest of justice, and grant defendant's motion, vacate the judgment, and thereafter reinstate the judgment without the provisions thereof certifying defendant as a sex offender pursuant to SORA and requiring him to pay the $50 sex offender registration fee (see People v Buyund, 205 AD3d at 731). In doing so, we find that the parties' remaining contentions have been rendered academic.
Ceresia, J.P., Fisher and Mackey, JJ., concur.
ORDERED that the order is reversed, as a matter of discretion in the interest of justice, motion to vacate the judgment granted, and judgment of conviction reinstated without the provisions certifying defendant as a sex offender pursuant to the Sex Offender Registration Act and requiring him to register as a sex offender and pay the $50 sex offender registration fee.

Footnotes

Footnote 1: Defendant acknowledges that, because his certification as a sex offender is part of the judgment of conviction and not a component of the corresponding sentence, such certification cannot be challenged in a motion to set aside the sentence under CPL 440.20 (see People v David, 203 AD3d at 740), and the case law makes clear that "a defendant cannot challenge his or her certification as a sex offender in an appeal from an order designating his or her risk level" (People v Shufelt, 223 AD3d at 967; see People v Marxuach, 210 AD3d at 815; People v Matos, 209 AD3d at 26).