People v Murauskas (2025 NY Slip Op 04123)

People v Murauskas

2025 NY Slip Op 04123

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CR-24-0948
[*1]The People of the State of New York, Respondent,
v
Joseph Harold Murauskas, Appellant.

Calendar Date:June 20, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Powers and Mackey, JJ.

Angela Kelley, East Greenbush, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Alexander J. Brennan of counsel), for respondent.

Appeal from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered March 22, 2024, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
Defendant was charged in an eight-count indictment with assault in the first degree, two counts of assault in the second degree and other crimes stemming from his attack on his wife in March 2023, which caused serious physical injuries including a subdural hematoma and nose fractures. Defendant proceeded to trial and, on the third day, he pleaded guilty to the reduced charge of attempted assault in the first degree under count 1 of the indictment, admitting under oath that he had intentionally kicked the victim in the head wearing steel-toed boots, intending to cause serious physical injuries. Pursuant to the plea agreement, which required a waiver of appeal, the People agreed not to prosecute defendant for his conduct during the trial in violating a temporary order of protection in place to protect the victim. Consistent with the terms of the plea agreement, County Court imposed an eight-year prison sentence, to be followed by a three-year period of postrelease supervision, and issued a modified stay-away order of protection in favor of the victim. Defendant appeals.
We affirm. Initially, we disagree with defendant's assertion that the appeal waiver is invalid. To that end, a waiver of appeal was set forth as a condition of the plea agreement and, during the oral allocution, County Court made clear that defendant "always" retained "the right to appeal from the plea and the sentence" and that his waiver of appeal was separate and distinct from the trial-related rights automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]). The court further advised defendant that there were "certain rights that survive the waiver of [the] right to appeal," providing examples of legal issues that are nonwaivable; the court ascertained that defendant had discussed the waiver with defense counsel, who had answered his questions, and that he read and understood the written waiver of appeal prior to signing it. While the written waiver of appeal signed by defendant contained some overly broad language, it did not purport to erect an absolute bar to all appellate review (see People v Thomas, 34 NY3d 545, 558-559 [2019]; People v Robinson, 236 AD3d 1182, 1183 [3d Dept 2025]; compare People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Moore, 230 AD3d 1470, 1470 [3d Dept 2024]; People v Pike, 226 AD3d 1216, 1216-1217 [3d Dept 2024]; People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). "Under these circumstances, we are satisfied that the counseled defendant understood the distinction that some appellate review survived and find that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary" (People v Moses, 236 AD3d 1201, 1202 [3d Dept 2025] [internal [*2]quotation marks and citations omitted]; see People v Thomas, 34 NY3d at 563-564; People v Lewis, 234 AD3d 1209, 1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]; compare People v Shanks, 37 NY3d 244, 252-253 [2021]). In light of the valid appeal waiver, defendant's challenge to the perceived severity of his agreed-upon sentence is foreclosed (see People v Berry, 236 AD3d 1199, 1200 [3d Dept 2025]; People v Leroux, 234 AD3d 1214, 1214 [3d Dept 2025]). Finally, defendant was advised that an order of protection would be issued in favor of the victim as part of the plea agreement and, given his brutal conduct and disregard for the temporary order of protection during the trial on these charges, we discern no abuse of discretion in the imposition of the maximum duration of that order, which is lawful (see CPL 530.12 [5] [A] [ii] [8 years from the expiration of the 8-year determinate prison term imposed, 2024-2040]; People v Blauvelt, 211 AD3d 1175, 1176 [3d Dept 2022]; People v Yu-Jen Chang, 92 AD3d 1132, 1136 [3d Dept 2012]).
Clark, J.P., Lynch, Reynolds Fitzgerald, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Saratoga County for further proceedings pursuant to CPL 460.50 (5).