People v Deal

2026 NY Slip Op 02545

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

AUSTIN R. DEAL, DEFENDANT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

217 KA 24-00910

Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered April 18, 2024. The judgment convicted defendant upon a plea of guilty of aggravated family offense.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In these consolidated appeals, defendant appeals, in appeal No. 1, from a judgment convicting him upon a plea of guilty of aggravated family offense (Penal Law § 240.75) and, in appeal No. 2, from a judgment convicting him upon a plea of guilty of aggravated criminal contempt (§ 215.52 [3]).

Contrary to defendant's contention in both appeals, County Court did not abuse its discretion in issuing the order of protection. The court was not required to obtain the consent of the person for whose benefit the order of protection was issued (see People v Monacelli, 299 AD2d 916, 916 [4th Dept 2002], lv denied 99 NY2d 617 [2003]; see generally CPL 530.13 [4]). In any event, the order of protection is subject to modification upon a motion should the circumstances warrant (see CPL 530.12 [15]; see generally People v Nieves, 2 NY3d 310, 317 [2004]; People v Blauvelt, 211 AD3d 1175, 1176 [3d Dept 2022]).

Contrary to defendant's further contention in both appeals, we conclude that his sentence is not unduly harsh or severe.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court